Case 17-5760, USA v. Irvin Phillips. Oral argument, 15 minutes per side. Ms. Davis for the appellant. Ms. Davis on behalf of Irvin Phillips, I would ask to reserve three minutes for rebuttal. Justice Thomas and his concurrence in Shepard noted that Shepard's stricture about what documents can be viewed and what portions of documents can be viewed in determining what constituted the defendant's prior conviction noted the fundamental imperative that the court maintain absolute fidelity to the protections of the individual afforded by the notice, trial by jury, and beyond reasonable doubt requirements. Those are fundamental constitutional rights. And as tempting as it is to try and glean information from here and there and other places to inform what the predicate offense really is, that's something courts cannot do, and the district court erred in Mr. Phillips' case in doing. There are three documents in question as far as Mr. Phillips' prior conviction. The indictment under Tennessee Rule 11, a defendant may plead guilty to a lesser included offense or a related offense. This is different than the federal rule. And so while he's indicted for a sex offense, he's convicted of aggravated assault. That indictment under this circuit's holding in Bernal-Avea cannot be used as a Shepard document because it's not even in the idea of a lesser included offense where you have shared elements. We don't have that here in Tennessee. We don't have that in Mr. Phillips' case. The other circuits, the 11th in Spell, the 5th in Turner, and the 10th in Scoville, all of those circuits were saying no, if you plead to a different offense than the indictment, you cannot use the indictment as a Shepard document. Those were all concerning lesser included offenses. Here in Mr. Phillips' case with his plea in Tennessee, he has a much broader range of offenses he could have pled guilty to and thus a broader range of elements he could have pled guilty to. The plea colloquy, the court's use of it is further cabined because not only is it a guilty plea, it's a guilty plea pursuant to Alford. So under the still good portion of McMurray, you can't look to what facts the defendant admitted. You can look to the elements. However, in Mr. Phillips' case, the elements listed by the court taking his guilty plea encompassed more than one subsection of the Tennessee aggravated assault statute. It was sort of covering all mens rea and all sort of possible permutations. And then that leads us to the judgment, which is not and should not be a Shepard document. This court has recognized it as a Shepard document. However, the Supreme Court has never recognized a judgment as a Shepard document, especially in Mr. Phillips' case where you have a document that's partially typewritten and partially handwritten. The typed portion of the judgment says aggravated assault. Somebody at some point, we don't know when, wrote in weapon. And so this is not one of those documents where everybody's present in the room when it's completed or everybody's necessarily in the room when it's completed or it's necessarily adopted by the defendant. It is an administrative document that clearly, in Mr. Phillips' case, was not all filled out at the same time. And we would say that that takes away from its reliability and its use as a Shepard document. Is it signed by the judge? There is a signature by the judge. It's initialed even by defense counsel. However, it's not clear in the document whether that signature, even by defense counsel, happened before or after the word weapon was added to the line that said crime of conviction, aggravated assault. And so we just don't know. And that uncertainty takes away from the weight of that evidence, of that document being used as a Shepard document. It should not be used in general, but specifically in Mr. Phillips' case, it should not be used. Okay. Why not? You say that. Tell me what about Shepard would argue against using that document as a Shepard document. Why? Well, Shepard never talked about the judgment as a Shepard document. How is that against the rationale of Shepard, I guess I should say? Shepard talks about using an indictment when a defendant has pled guilty to that indictment. Okay. It seems like the judgment is the ultimate disposition of it. Not necessarily, Your Honor. Just because if somebody is pleading guilty to an indictment, everybody in the room knows what that indictment says. Okay. Here, I mean, the whole point of the gun, isn't it, to establish what subsection we're talking about? Is that it, of the aggravated assault? Yes, Your Honor. So, counsel, along the lines of what Judge Griffin was saying, if, you know, you have the indictment, but the person might plead to lesser charges and the judgment would reflect what the person actually pled to, so why wouldn't that be appropriate as a Shepard? Because the judgment is not necessarily prepared at the time that the defendant enters their plea or is sentenced, which is why Shepard talks about the indictment or the plea colloquy. McMurray separates Alford pleas, but in a standard non-Alford or non-best interest guilty plea, you could look to what elements the defendant is admitting their guilt or what facts that the defendant assented to. In Mr. Phillips' case, that was, at most, some assaultive behavior happened, which is not enough to show what portion of the aggravated assault statute Mr. Phillips was convicted under. The judgment is not something that, like I said, it's not necessarily fully completed at the time of the defense counsel's signature. It's prepared, it's probably prepared in court, but again, in Mr. Phillips' case, you have this odd situation where it's partly typewritten and partly handwritten. But it's going to reflect the ultimate disposition, isn't it? It ought to. There have been errors, as we've seen in the King case, which is on occasion a different case out of the circuit, where you have the dates of offense on the judgment differing from the dates of offense on the indictment. It is not a perfect document. It is not necessarily a reliable document, as would a pled to indictment or the plea colloquy itself, or the cognizable portions of the plea colloquy. In Mr. Phillips' case, what we're left with is mostly a general idea that he was convicted under this aggravated assault statute, and not all subsections of that statute qualify as violent felonies for the purpose of the Armed Career Criminal Act. To find that it did qualify as a predicate and then apply the sentencing enhancements of the Armed Career Criminal Act was an error. Does it make a difference that the weapon part of the judgment is handwritten rather than typed? And if so, why? It does, Your Honor, because some portions of the aggravated assault statute refer specifically to a weapon, and some do not. I'm talking about the handwritten notation. That it was handwritten, it does matter, because we don't know when that was written in. Was that written in immediately before defense counsel viewed it and had an opportunity to say, well, that's not actually what he pled to, or this document isn't accurate? Or was everybody there in court, they signed off on a document, and later in the day the clerk was like, you know, this maybe should say weapon, let me write it in. We don't know. And it's just suspect and out of the norm to have a document like this that this court would like to place great weight on that is not obviously prepared all at the same time, that is not necessarily all parties being able to view it and make corrections. But, you know, the fact that part of it is written and part of it is typed, I'm not sure that that really makes any kind of dispositive difference, because you could have some events occurring at one time in typewritten form, and then later on people could add to that by also typing. That seems to be a distinction that really doesn't carry much, should not carry much weight. I think the difference, though, in the type, well, it's one reason why judgments should not be used to shepherd documents is because your Honor is right, that maybe they could have just put it back through a typewriter and added the weapon statement. But here it's just much more clear that this is not a document that's necessarily completed contemporaneously or fully completed prior to review by defense counsel. Whereas an indictment, plea colloquy in the case of a jury trial, the jury's instruct the verdict form, all of those things the defendant through counsel has an opportunity to correct, to say that that's not what I admitted or that was not what I was found guilty of. But here in this case when you have a judgment that's obviously not prepared in one fell swoop, that that illustrates the problem with using a judgment, because we do not know when the notation of weapon was made. Thank you. Thank you. You'll have your rebuttal. Good morning. May it please the Court. Bill Roach for the United States. Defendant was rightly sentenced as an armed career criminal because his 2009 conviction for Tennessee aggravated assault categorically qualifies as a violent felony under the Armed Career Criminal Act's use of force clause. This court has held that on numerous occasions in both published and unpublished opinions. So the variant under which defendant was convicted, the intentional knowing deadly weapon variant, that has been and is considered a violent felony under the Armed Career Criminal Act. This court recently held as much in Davis versus the United States and Holland versus the United States, which we brought to this court's opinion in our recent 28J letter. So as a de novo legal issue, whether Tennessee aggravated assault, the variant under which defendant was convicted, whether that is a violent felony, has already been decided by this court. So those opinions are controlling on the legal issue of whether that particular felony qualifies as a violent felony. The issue is which subsection he is convicted of aggravated assault under Tennessee law. And I think you concede that there are subsections which do not qualify as a violent felony for the Armed Career Criminal Act. But you say that those that are excluded are not what he was convicted of. And that's what we're trying to do here is figure out what subsection he was convicted of, right? That's right, Your Honor. So what's your best evidence that he's convicted of a subsection that is violent? Well, just to address the first part of the question on the aggravated assault variants, we are arguing and the district court judge, we think, rightly found that the defendant was convicted of the A1 variant. What's A1? Just tell me. So the A1 variant is intentionally or knowingly committing any assault, so any Tennessee assault, either causing bodily injury or using or displaying a deadly weapon. What's your evidence that he's convicted under A1? Okay, so the evidence here in the Shepard documents, we have the best evidence is the plea colloquy in addition to the judgment. Those two documents read together, which the district court did that here. The district court performed a very thorough analysis of those Shepard documents. This is a case where the Shepard documents are very good, Your Honor. We have the indictment, we have the plea colloquy, and we also have a judgment that has the subsection or the section of the statute. The indictment is for a different offense, right? The indictment is for the rape. Yes, Your Honor. Is the case law quite clear that when you plead guilty to something that you're not indicted for, originally you can't use the indictment? No, it's not, Your Honor. To the contrary, this court just recently held in Davis versus the United States that an indictment charging a more serious offense is a proper Shepard document to rely on. What's that case? That's Davis versus the United States, Your Honor, and that's cited in our recent 28-J letter that we filed three days ago. Is that a published opinion? Yes, it is, Your Honor. I believe that was Judge Gibbons' written opinion. Yes, but importantly here, Your Honor, so the indictment is proper, but here the court barely looked to the indictment. The court relied on the plea colloquy in which the state court judge very clearly set out the elements of Tennessee aggravated assault. He said intentionally, knowingly, or recklessly committing an assault using a deadly weapon. That matches the elements, well, not word for word, but essentially word for word of the Tennessee aggravated assault statute. Now, we take the plea colloquy, we take the judge who has That you say supports the conviction under 102A1, the plea colloquy, is that what the judge relied on to support that finding? I missed the very beginning of your question. I apologize. I said is it the plea colloquy that you rely on to support your contention that he was convicted under 102, or that that's what the judge relied on to find a conviction under 102A1? Yes, Your Honor. The plea colloquy, in addition to the judgment, which memorializes the elements that the judge set forth in the plea colloquy and asked the defendant, or told the defendant, these are the elements to which you are pleading guilty, do you agree? And the defendant said Well, Ellis Counsel says that the judgment is not an appropriate shepherd's document. What do you look to to say that a judgment of conviction is, in fact, an appropriate shepherd document? Yes, Your Honor, a couple things. First, I look to this court's precedent, and it's exceedingly clear that this court has always relied on judgments as quintessential shepherd documents. United States v. Moore, Davis v. United States, United States v. Atkins, United States v. Sosa, United States v. Armstead. This has never been an issue in this court. Judgments are the exact type of shepherd documents that a court can rely on. Now, it's never been an issue, or it's never been before the Supreme Court, most likely because it's never actually been an issue that needs to be litigated. My colleague mentioned this court's case in United States v. McMurray that talked about certain plea transcripts not being reliable as shepherd documents. Well, the answer to that is the Supreme Court changed the inquiry in Mathis and Descamps. So the Supreme Court says instead of looking at the facts underlying the crime, all we need to do is look at the elements. Well, that provides even further support that a judgment is not only a shepherd document, but perhaps the best shepherd document we have, especially when the judgment sets forth the section of the statute, and in addition, it classifies the felony. So here the judgment not only did it say what offense defendant was pleading guilty to, it also said Class C felony, which exactly in Tennessee matches aggravated assault under the A1 variant, which is every shepherd document here that we have, they all add up to the fact that defendant pled guilty to that variant of aggravated assault. Now further, what I would also argue is that given the district court's factual findings with respect to these shepherd documents, we would submit, as we submitted in our brief, that is a factual finding that this court should review for clear error. So when a district court judge is reviewing shepherd documents and making factual findings of what offense defendant pleaded guilty to, and by the way, the district court did a very thorough job here, pages 234 to 251 of the record, analyzing all the shepherd documents, trying to figure out which offense it was that defendant pleaded guilty to, that is a factual finding that should be reviewed for clear error. I would also say that the burden here, our burden to show that the Tennessee aggravated assault is a predicate felony is simply by the preponderance of the evidence. And as I stated, the shepherd documents here clearly do show the offense to which defendant has pleaded guilty. And so reviewing that, reviewing the judge's factual findings here for clear error, we don't think that any mistake has been made, much less an obvious mistake that would strike this court as something that was a clear error by the district court. The plea statements that he made, this was an Alford plea, so he didn't establish the factual basis for the plea, it's my understanding. But you're using that to say the judge explained him what he was charged with, and the judge's explanation shows that this was an A1 aggravated assault. Is that your argument? Yes, it is, Your Honor. You're not using defendant's statements at the plea, but you're using the trial judge's statements, and you say that's allowed? Well, not just the trial judge's statements here. I'm using the fact that the judge explained to the defendant what he was agreeing to plead guilty to, and then the defendant's assent to plead guilty to the elements that the judge laid out. Now, the district attorney general set forth the facts that she would have introduced at trial, which were in support of the aggravated rape charge. The defendant didn't agree to plead guilty to those facts. The district attorney general just put those in the record, and the judge said, I understand that what you would like to do here is plead guilty to a lesser included offense, aggravated assault with a deadly weapon. The judge then said, here's what the state would have to prove to convict you of that offense. And the judge read out the elements of aggravated assault with a deadly weapon, asked defendant if that's what he was pleading guilty to, defendant said yes. Now we have, you know, after that we have the judgment that memorializes that offense. How about the written notation? Isn't that somewhat unreliable that we don't know when that was added or if that was... I don't think so, Your Honor. I think it matches up exactly with what the judge said the elements were during the plea colloquy. Why would it be handwritten? I don't know. I'm not exactly sure. I've seen in Tennessee, I have seen judgments where the offense is handwritten. It does happen. I don't think that the defendant hasn't pointed to any nefarious actions that are going on here. I mean, the judge signed the document. And so using the handwritten notation is not enough to discredit this judgment, I don't think in any way. And the district court judge, of course, saw the same judgment, compared the judgment and the plea colloquy, and did determine that defendant here pleaded guilty to the A1B version of, A1B variant of Tennessee aggravated assault, which this court has held on countless occasions, does count. The only two variants of aggravated assault in Tennessee that do not count as violent felonies under this court's precedent are the B and C variants. The B variant is failing to protect a child. So a custodian who has a duty to protect a child and fails on that duty would be an aggravated assault. And then the C variant is someone who is under an order, a restraining order, who violates a restrictive or a restraining order. There's absolutely nothing in the record that would lead this court to question the district court's findings here that the defendant was convicted of the A1B variant. In other words, none of the facts in the Shepard documents would allow any inference or conclusion that the defendant was either a custodian of a parent and failed. We can't look at the facts, though, can we, at Shepard documents? We just have to look at the elements. Well, the statute's divisible, Your Honor, so under the modified categorical approach, the court could look at certain Shepard documents to see which variant of the offense. We're not looking at facts anymore in Shepard documents. We're looking to determine which subsection he's convicted of, which elements. I mean, we look for elements rather than facts now, right? Yes, Your Honor, but under the modified categorical approach, the court can look to facts in the Shepard document, but only for the purpose of determining which subsection. That's correct, Your Honor. Not to see what he did. That's right. Seems a little counterintuitive, but okay. Certainly, the categorical approach has been criticized and can lead to some confusion, although here, Your Honor, this is a case where there is no confusion. The Shepard documents here are very clear. The district court judge thoroughly reviewed those Shepard documents, heard arguments from both the defendant and the United States, and came to a reasoned decision and conclusion that is supported by the facts that defendant did plead guilty to and was convicted of the A1 variant. And because of that, we would ask the district court, we would ask this court, excuse me, Your Honor, to affirm the district court's decision and defendant's sentence. Very good. Thank you. Thank you. Further questions? Judge Donnell? No. All right, rebuttal. The difference between Davis versus the United States in Mr. Phillips' case is in Davis, Davis went to trial on his predicate offenses. The Shepard documents indicated that the judge had heard testimony and evidence before convicting him of aggravated assault. And also, the indictment that did not match the conviction in Davis' case had been amended. At some point, they had written in, we're not proceeding on attempted murder, we're proceeding on a theory of aggravated assault. So that takes Mr. Phillips outside of the purview of Davis in that he pled guilty, which under Tennessee Rule 11 does not have to be a lesser included offense. It can also be a related offense. And I would respectfully say I took a quick look at the plea colloquy again. The judge never said that Mr. Phillips was pleading guilty to a lesser included offense. He talks about what offense he's pleading guilty to, but they do not appear to have referred to it as a lesser included offense. If the district court used the wrong Shepard documents or used portions of the Shepard documents that were impermissible to be used in making this determination, that is a legal error. That is not a factual error. It's a legal error. And what we have in Mr. Phillips' case is that what the court can look at within the Shepard documents does not definitively decide which subsection of the aggravated assault statute he was convicted under. It's not just an issue of let's find this out by ruling things out piecemeal. It's what we can look at in Mr. Phillips' Shepard documents does not definitively identify which subsection. Tell me why the plea statements by the judge do not indicate that this is A1B. The other side says it's clear the judge is asking if you're pleading and lists the elements of A1B, and it's clear from the judge's statements that that's what he's asking whether he pleads to. What's wrong with that again? In the list of elements the court recites that he's pleading guilty to, that covers subsection A. It's not just... Well, that's sufficient, isn't it? Isn't subsection A the violent crime? I mean, I think it's B and C that may be committed without doing a violent act, right? Correct, Your Honor. The judge just specifies A, and he says, yeah, I understand I'm pleading to it. Why is that not enough? Your Honor, if this court is defined that it is subsection A, whether it might be knowing or it might be reckless, if we get into the recklessness debate, we get into the whole Roisin, Fairweave, Harper, Michigas, that I think is wrong, especially given considerations that there are reckless driving offenses that fall under reckless aggravated assault. You're saying that the elements that the judge recited under A could be nonviolent? Is that...? Yes. Okay, so it's not dispositive. Yes. And then as to the judgment, you say that because it's handwritten, if it were not handwritten, if it were typed in gun, would that be enough or not? If it were typed in that aggravated assault weapon, all of it typed in, my position would still be that a judgment cannot be a Shepard document. Ever? Ever. Tell me why not again, because he didn't necessarily consent to the judgment? It's his consent. He's not necessarily in the courtroom when that judgment is prepared. In this case, we have an attorney's signature. We don't always have an attorney's signature. It is not that comparable legal record on par with a pled to indictment or a plea colloquy. Thank you. All right. Any further? No. All right. The case will be submitted. My understanding that that concludes the case is set for oral argument, and you may adjourn the court.